IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71126-1-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| PEDRO PABLO NAVARRO, | ) | PUBLISHED OPINION |
| Appellant. | ) ) | FILED: June 29, 2015 |
| | ) | |

BECKER, J. — Interpreting a statute, we hold that all sexual assault protection orders entered against a defendant in one criminal prosecution expire two years after the expiration of the longest sentence.

This case involves both sexual assault protection orders and no-contact orders. A sexual assault protection order protects a victim from contact with an offender who is not otherwise restrained. Conviction of the offender is not a prerequisite. No-contact orders, on the other hand, are not limited to victims, and they are entered only after the offender is convicted of a crime. There are different provisions governing the length of time these orders may remain in effect. This is a case where the combination of both types of orders, despite some overlap, ensures that each victim is protected for at least two years after the offender is no longer in any form of custody.

Appellant Pedro Navarro used a cellular phone and social media to contact eleven boys in two different middle schools. Pretending to be a girl, he would initiate friendly contact. After a few days, his communication would become sexual. He asked the boys, among other things, if they would send him nude photographs and if they would like oral sex. He suggested that they could meet his brother who would perform oral sex on them.

At trial, Navarro faced eleven counts of communication with a minor for immoral purposes. Navarro was also charged with two counts of extortion for threatening two of the victims when they stopped responding to his communications.[1]

A jury acquitted Navarro on three of the communication counts and convicted him as charged on the remaining counts. The jury found that Navarro committed each extortion with sexual motivation. The court imposed a 96-month base sentence and two 18-month sexual motivation enhancements to run consecutively for a total of eleven years.

At sentencing on October 11, 2013, the court entered sexual assault protection orders protecting all eleven of the boys involved in the case. All orders were set to expire twelve years later on October 11, 2025. As part of the judgment and sentence for extortion with a sexual motivation, the trial court

---

[1] The counts of communication were I, III, IV, V, VI, VII, IX, X, XI, XII, and XIII. The extortion counts were II and VIII. It is not clear why the State persists in the archaic practice of using Roman numerals in charging documents, pleadings, and briefs. Roman numerals generate confusion because they are hard to read, particularly where there are more than two or three counts.

imposed no-contact orders protecting all eleven boys for ten years, the duration of the maximum term for extortion.

Navarro appeals.

SEXUAL ASSAULT PROTECTION ORDERS

The first issue on appeal is whether the expiration date was calculated correctly for the sexual assault protection orders. This issue turns on the interpretation of a statute. Our review is de novo. State v. Thompson, 151 Wn.2d 793, 801, 92 P.3d 228 (2004).

A victim of sexual assault may petition for a protection order against the offender regardless of whether or not there is a pending lawsuit, complaint, petition, or other action between the parties. RCW 7.90.020(2).

> Sexual assault is the most heinous crime against another person
> short of murder. Sexual assault inflicts humiliation, degradation,
> and terror on victims. According to the FBI, a woman is raped
> every six minutes in the United States. Rape is recognized as the
> most underreported crime; estimates suggest that only one in
> seven rapes is reported to authorities. Victims who do not report
> the crime still desire safety and protection from future interactions
> with the offender. Some cases in which the rape is reported are not
> prosecuted. In these situations, the victim should be able to seek a
> civil remedy requiring that the offender stay away from the victim. It
> is the intent of the legislature that the sexual assault protection
> order created by this chapter be a remedy for victims who do not
> qualify for a domestic violence order of protection.

RCW 7.90.005.

Unless entered in conjunction with a criminal case, sexual assault protection orders have a maximum duration of two years. RCW 7.90.120(2). When a criminal prosecution results in a conviction for a sex offense and a condition of the sentence restricts the defendant's ability to have contact with the

victim, the condition must be recorded as a sexual assault protection order. RCW 7.90.150(6)(a). By statute, such an order remains in effect for two years after the defendant is released from restraint on "any sentence":

> A final sexual assault protection order entered in conjunction with a criminal prosecution shall remain in effect for a period of two years following the expiration of any sentence of imprisonment and subsequent period of community supervision, conditional release, probation, or parole.

RCW 7.90.150(6)(c).

Navarro contends that the statute's reference to "any sentence" means "any sentence" imposed *for the predicate crime*. For the crime of communication with a minor for an immoral purpose, the maximum sentence is five years. RCW 9.68A.090(2); RCW 9A.20.021(1)(c). For extortion, it is ten years. RCW 9.68A.090(2); RCW 9A.20.021(1)(b). Six of the boys were involved only in the convictions for communication for an immoral purpose. Navarro argues that the orders protecting these six boys should remain in effect for two years after the expiration of Navarro's sentences for that crime, while the orders protecting the two victims of the extortion counts should remain in effect for two years after the expiration of his sentences for that crime. Under Navarro's interpretation, the orders protecting the six victims of immoral communication could expire while Navarro was still under restraint on the longer sentences for the two extortion convictions.

The statute does not relate the phrase "any sentence" to a predicate crime or to an offense committed against a particular victim. The phrase "any sentence" refers back to the order "entered in conjunction with a criminal

4

prosecution." Thus, the plain language directs that protection orders entered in conjunction with a criminal prosecution will remain in effect for two years following any sentence the court actually imposes in that proceeding. This interpretation better serves the purpose of a sexual assault protection order, which is intended to protect a victim for two years after the offender is no longer restrained. We conclude that where an offender is convicted of various offenses in a single prosecution, sexual assault protection orders remain in effect for two years after the expiration of the longest sentence.

Navarro does correctly point out that the sexual assault protection orders imposed in his case were erroneously set to expire exactly twelve years after he was sentenced. One reason why that expiration date is erroneous in Navarro's case is that he is entitled to credit for time served before sentencing. A second reason why the fixed expiration date exactly twelve years after sentencing is erroneous is that an offender's actual release date can seldom be pinpointed at sentencing. The statute does not say that orders entered in conjunction with a criminal prosecution will remain in effect until two years after the end of the statutory maximum term, which is apparently how the trial court decided on a term of twelve years. Rather, the statute provides that the orders shall remain in effect for a period of two years after "the expiration of any sentence of imprisonment" and subsequent period of restraint. RCW 7.90.150(6)(c).

Because an offender's actual release date is unknowable at the time of sentencing, a sexual assault protection order should not provide a fixed expiration date. A preferable approach is simply to track the language of the

5

statute by stating, for example, that the order "shall remain in effect for a period of two years following the expiration" of the longest sentence served by the offender as a result of the prosecution. RCW 7.90.150(6)(c).

## NO-CONTACT ORDER

In addition to the sexual assault protection orders, the court issued a no-contact order. By its terms, Navarro was prohibited from contacting the eleven boys for "the maximum term of 10 years" for the crime of extortion.

Navarro contends that for the nine boys who were *not* victims of extortion, the duration of the no-contact order cannot exceed the 5-year statutory maximum for communication.

The no-contact order was authorized as a crime-related prohibition. Under RCW 9.94A.505(8), a trial court may impose a no-contact order for the maximum term of a conviction, even extending beyond community custody. State v. Armendariz, 160 Wn.2d 106, 112, 120, 156 P.3d 201 (2007).

No-contact orders are not limited to the victims of the crime. See State v. Warren, 165 Wn.2d 17, 32-34, 195 P.3d 940 (2008), cert. denied, 556 U.S. 1192 (2009). In this case, all eleven boys served as witnesses. The evidentiary value of each boy's testimony was not limited to proving the count for which he was the victim. Each boy's testimony helped establish a pattern of activity proving that one person—defendant Navarro—was responsible for all the immoral communication. One of the extortion victims testified that in the hope of stopping Navarro's threats, he provided Navarro with several of his friends' phone

numbers. The testimony of those friends that they began receiving similar text messages shortly thereafter confirmed the extortion victim's testimony.

"Crime-related prohibitions" are orders directly related to "the circumstances of the crime." RCW 9.94A.030(10). As witnesses in support of the extortion charge, all eleven boys were directly connected to the circumstances of the crime of extortion. We conclude all of them were properly included in the no-contact order for the maximum 10-year term of the crime of extortion.

## RIGHT TO PROCEED WITHOUT COUNSEL

Navarro moved to proceed pro se, but he changed his mind after the court engaged him in a colloquy. He contends the trial court gave him incorrect information, rendering his waiver of his right to proceed pro se invalid.

When a defendant expresses a desire to proceed without the assistance of counsel, the trial court must assure the defendant understands the risks of doing so. Faretta v. California, 422 U.S. 806, 836, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

In a colloquy with Navarro after he moved to proceed pro se, the trial court told him he would be "completely" on his own, with no turning back once he decided to let his attorney go:

> THE COURT: . . . Why would you want to do this on your own? I don't understand.
> MR. NAVARRO: I don't know.
> THE COURT: You don't know? But, I have to know before I let you make this huge decision to represent yourself. And you don't get to change your mind; once it's done, it's over. She steps away; she's off the case, and you're completely on your own. Do you know how to cross-examine a witness?

7

> MR. NAVARRO: You're saying that if I go pro se, I'm completely on my own.
>
> THE COURT: You're completely on your own. You have no right to standby counsel.
>
> MR. NAVARRO: And I can't recall my pro se status.
>
> THE COURT: No. This is not—this is not a game. It's done. I let her go here today; you're done.

At the end of the colloquy, Navarro withdrew his request to proceed pro se. He now contends that the trial court should have told him there might be a possibility, however slim, that if he changed his mind, the court could exercise its discretion to reappoint counsel.

Navarro was not misinformed. The court accurately conveyed to him that he could not count on being able to regain the assistance of counsel after waiving that right. There is no *right* to reappointment of counsel if, after successfully obtaining pro se status, a defendant changes his mind. State v. DeWeese, 117 Wn.2d 369, 376-77, 816 P.2d 1 (1991). We conclude Navarro validly waived his right to proceed pro se.

## STATEMENT OF ADDITIONAL GROUNDS

Navarro submitted a statement of additional grounds for review under RAP 10.10, alleging three instances of prosecutorial misconduct in closing argument. In each instance, a prompt objection was made and sustained. The remarks do not provide a basis for further review.

## ERRORS IN THE JUDGMENT & SENTENCE

Navarro was ordered to complete six months of community custody for failure to register as a sex offender, although he was not charged with that crime. The State concedes error. On remand, this provision shall be stricken. The

State also concedes that remand is necessary to change Navarro's offender score from 30 to 27.

The convictions are affirmed. The sentence is reversed and remanded to adjust the language establishing the duration of the sexual assault protection orders and to make other corrections identified in and consistent with this opinion.

Becker, J.

WE CONCUR:

Spearman, C.J.