YU, J.
*549 ¶ 1 The issue in this case is whether the duration of a domestic violence (DV) no-contact order entered by a court of limited jurisdiction is limited to the length of the underlying suspended sentence. The State appeals a published Court of Appeals decision that vacated a no-contact order and held that the district court lacked authority pursuant to RCW 10.99.050 to enter a no-contact order exceeding the duration of the underlying sentence. State v. Granath, 200 Wash. App. 26, 401 P.3d 405, review granted, 189 Wash.2d 1009, 402 P.3d 823 (2017). We affirm.
*550 FACTUAL AND PROCEDURAL BACKGROUND
¶ 2 The facts of this case are not disputed. A jury convicted Wendy Granath in King County District Court of two gross misdemeanor DV crimes-cyberstalking and violation of a DV no-contact order-based on e-mails she sent to her estranged husband. Clerk's Papers (CP) at 35; Pet. for Review at 2. In November 2012, Granath was sentenced to 364 days in jail with 334 days suspended for 24 months. CP at 35. As a condition of her suspended sentence, she was prohibited from contacting her estranged husband. The court issued a separate no-contact order pursuant to RCW 10.99.050 reflecting the directive not to contact her estranged husband. The judge did not enter an expiration date, and so, by the terms of the pattern form order, it expired by default five years later.
¶ 3 Granath completed her sentence in December 2014. She thereafter moved to vacate the no-contact order on the basis that it ended when she was no longer subject to the underlying no-contact condition of the sentence. The district court denied the motion, stating it "had lawful authority to issue a separate order under [chapter] 10.99 [RCW], which is a stand-alone provision." Id. at 22. Granath appealed to the King County Superior Court, which affirmed the district court. Granath then sought discretionary review from the Court of Appeals, which reversed in a published opinion. It held that the district court did not have statutory authority to issue a no-contact order that lasted longer than the defendant's suspended sentence. Granath, 200 Wash. App. at 37-38, 401 P.3d 405. We granted review.[1] 189 Wash.2d 1009, 402 P.3d 823.
*551 ISSUE
¶ 4 Whether RCW 10.99.050 provides a district court the authority to issue a DV no- *1181 contact order that lasts longer than the defendant's suspended sentence?
ANALYSIS
A. Overview of a district court's limited sentencing authority
¶ 5 District courts are courts of limited jurisdiction created by the legislature. CONST. art. IV, §§ 1, 12 ; Smith v. Whatcom County Dist. Ct., 147 Wash.2d 98, 104, 52 P.3d 485 (2002). "The legislature has sole authority to prescribe their jurisdiction and powers." Smith, 147 Wash.2d at 104, 52 P.3d 485. To understand a district court's authority in this context, we review the relevant statutory grants of authority.
¶ 6 The affirmative grant of subject matter jurisdiction in this case is RCW 3.66.060. It provides a district court jurisdiction that is "[c]oncurrent with the superior court of all misdemeanors and gross misdemeanors committed in their respective counties and of all violations of city ordinances." RCW 3.66.060. The statute also authorizes a district court to impose a fine of $5,000 and a jail sentence of one year. Id.
¶ 7 There is a specific legislative provision that extends a district court's jurisdiction over DV offenses for up to five years. RCW 3.66.068(1)(a) states in relevant part:
(1) A court has continuing jurisdiction and authority to suspend the execution of all or any part of its sentence upon stated terms, including installment payment of fines for a period not to exceed:
(a) Five years after imposition of sentence for a defendant sentenced for a domestic violence offense....
*552 This statute authorizes a district court to suspend all or part of a DV sentence for up to five years and impose sentencing conditions in its judgment and sentence.[2] If a defendant violates a condition of the sentence, then a district court may revoke the suspended sentence. RCW 3.66.069.
¶ 8 The last statutory grant of authority that is relevant to this case is RCW 10.99.050(1), which authorizes a court to issue a no-contact order to "record[ ]" a no-contact condition it includes in the judgment and sentence. The statute states,
When a defendant is found guilty of a crime and a condition of the sentence restricts the defendant's ability to have contact with the victim, such condition shall be recorded and a written certified copy of that order shall be provided to the victim.
RCW 10.99.050(1) (emphasis added). This case requires us to determine whether RCW 10.99.050 authorizes a district court to issue a no-contact order that lasts longer than the sentence it imposes. Because resolution of this case requires statutory interpretation, our review is de novo. State v. Armendariz, 160 Wash.2d 106, 110, 156 P.3d 201 (2007).
B. The plain language of RCW 10.99.050 resolves the issue presented
¶ 9 We look to the statute's plain language to determine whether it addresses the duration of a no-contact order. Its plain meaning is determined by consulting "the statute in which the provision at issue is found, as well as related statutes or other provisions of the same act in which the provision is found." Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 10, 43 P.3d 4 (2002). If the legislature's intent is clear based on the plain language of the statute, "then the court must give effect to that plain meaning as an expression of legislative intent." Id. at 9-10, 43 P.3d 4.
*553 ¶ 10 RCW 10.99.050 is silent on the duration of a no-contact order, and consulting other provisions of the same act does not help us understand the intended time span of the no-contact order. Other orders issued prior to sentencing pursuant to chapter 10.99 RCW have explicit termination provisions and therefore do not help us determine the duration of a postsentencing order. RCW 10.99.040(5) (a prefiling DV no-contact order expires at arraignment or within 72 hours if no charges are filed), (3) (a DV no-contact order entered or extended at arraignment terminates if the defendant is acquitted or the charges are dismissed).[3] The parties *1182 agree that the statute is silent on the order's duration, but each interprets the statute's silence differently.
¶ 11 The State takes the position that RCW 10.99.050"independently authorizes" a district court to issue a DV no-contact order so long as it imposes a no-contact condition of the sentence. Pet. for Review at 9. Other provisions of RCW 10.99.050 refer to no-contact orders as "issued" rather than "recorded," and the State infers use of the word "issued" means the order stands independently of the underlying sentence condition. See, e.g., RCW 10.99.050(2)(a), (3). The State does not cite authority for this conclusion, but proceeds to make a public policy argument that an independently authorized no-contact order can last longer than the defendant's sentence.
¶ 12 The legislature declared its intent that chapter 10.99 RCW provide victims of DV "the maximum protection from abuse." RCW 10.99.010. The State argues that the interpretation that best effectuates the legislature's intent is one that grants a district court the authority to issue a no-contact order for the maximum sentencing term, regardless *554 of the sentence actually imposed. Pet. for Review at 9-10.
¶ 13 The State also looks outside chapter 10.99 RCW for support. Other statutes authorize a court to issue a postconviction order protecting victims of sexual assault and stalking if they are not eligible for a civil DV protection order pursuant to chapter 26.50 RCW. But unlike a postconviction DV no-contact order, the legislature has provided express statutory authority for these orders to last longer than a defendant's sentence. See RCW 7.90.150(6)(c) (a sexual assault protection order lasts for two years after the defendant's sentence); RCW 7.92.160(6)(c) (a no-contact stalking order lasts five years regardless of the length of the defendant's sentence). The State argues the legislature did not intend to provide victims of sexual assault and stalking more protection than DV victims and so the legislature must have intended for a DV no-contact order to last longer than a defendant's sentence, despite the statute's silence.
¶ 14 Granath cites the plain language of RCW 10.99.050 to argue that the legislature has not provided a district court independent authority to issue a no-contact order. If a district court includes a condition of the suspended sentence that "restricts the defendant's ability to have contact with the victim," then "such condition shall be recorded " as a no-contact order. RCW 10.99.050(1) (emphasis added). Because a no-contact order is "recording" a condition of the sentence, Granath contends there is no authority for the order to last longer than the condition it records.
¶ 15 The Court of Appeals agreed with Granath and resolved this case on the statute's plain language. It concluded that "[t]he only no-contact order the statute authorizes is one that records a no-contact condition of the sentence. It follows that when the no-contact condition of sentence expires, there is no express legislative authority for the continued validity of the no-contact order." Granath, 200 Wash. App. at 36, 401 P.3d 405.
*555 ¶ 16 We agree with Granath and the Court of Appeals. Although RCW 10.99.050 is silent on the duration of a no-contact order, its length can be determined from the statute's plain language. If a district court suspends a defendant's DV sentence and imposes a "condition of the sentence [that] restricts the defendant's ability to have contact with the victim," then it "record [s]" that condition as a no-contact order. RCW 10.99.050(1) (emphasis added). Without additional statutory language indicating otherwise, our inquiry ends here because RCW 10.99.050 is not an independent grant of authority to a district court to issue a no-contact order. The only reason a court is permitted to issue an order of no-contact in this context is to record a condition of the sentence.
¶ 17 It makes sense that a district court both imposes a no-contact condition of the sentence and issues a no-contact order with the same duration because it allows the no-contact prohibition to be a separate enforceable condition. A willful violation of a no-contact order is enforceable by any court *1183 through separate criminal prosecution without revoking the suspended sentence. RCW 10.99.050(2)(a). Tying the length of a no-contact order to the length of the sentence actually imposed ensures that a defendant is not subject to criminal penalties for contacting the victim when the defendant is no longer subject to the sentencing condition that gave rise to the order. This result, as the Court of Appeals noted, "is not absurd." Granath, 200 Wash. App. at 38, 401 P.3d 405.
¶ 18 Our conclusion does not prohibit a district court from issuing a five year no-contact order, which is the longest a district court can retain jurisdiction pursuant to RCW 3.66.068. To impose a five year no-contact order, a district court simply suspends at least a part of the defendant's sentence for five years and imposes a no-contact condition of the sentence for that same period of time.
¶ 19 While we resolve the issue presented based on the statute's plain language, we take the opportunity to distinguish State v. W.S., 176 Wash. App. 231, 309 P.3d 589 (2013), *556 which both parties argue supports their position. In W.S., the Court of Appeals, Division One, held that a juvenile court has the authority to issue a DV no-contact order pursuant to RCW 10.99.050 that remains in effect after the defendant turns 18. It reasoned that because juvenile court is a division of superior court, a superior court can modify or enforce the order even after the juvenile court's jurisdiction ends. Id. at 241-42, 309 P.3d 589. The court then relied on our decision in Armendariz to summarily conclude, without analyzing RCW 10.99.050, that a juvenile court has the authority to issue a no-contact order "for the statutory maximum of the crime." Id. at 243, 309 P.3d 589.
¶ 20 In W.S., the Court of Appeals' reliance on Armendariz was misplaced because that case turned on the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. The court in Armendariz determined that the SRA's statutory scheme and plain language provide trial courts the authority to impose a no-contact order as a crime related prohibition for the statutory maximum term of the offense. 160 Wash.2d at 120, 156 P.3d 201. Armendariz has no application when determining the duration of a no-contact order issued by a court of limited jurisdiction pursuant to RCW 10.99.050. W.S. addresses a separate challenge to juvenile court jurisdiction that is not before this court.
¶ 21 Finally, while the State raises valid concerns regarding the need to protect victims of DV, its public policy argument is inconsistent with the plain language of the statute. The legislature's codified declaration of intent cannot "trump the plain language of the statute." State v. Reis, 183 Wash.2d 197, 212, 351 P.3d 127 (2015). If the legislature disagrees with our plain language interpretation, then it may amend the statute. Cornelius v. Dep't of Ecology, 182 Wash.2d 574, 589-90, 344 P.3d 199 (2015).
¶ 22 In sum, a district court's authority is limited to what the legislature has affirmatively granted. RCW 10.99.050 authorizes a district court to issue a no-contact order to record a no-contact condition of the sentence. While the statute *557 is silent regarding the order's duration, its plain language supports the conclusion that a no-contact order issued by a court of limited jurisdiction lasts for the length of the defendant's suspended sentence.
C. Granath's no-contact order was enforceable until she completed her suspended sentence
¶ 23 Each of Granath's two gross misdemeanor DV crimes carried a maximum jail term of 364 days and a $5,000 fine. RCW 3.66.060. The district court could have suspended part of her sentence for five years, imposed a no-contact condition of the sentence, and issued a no-contact order that would have been enforceable for five years. The district court did not do this. Instead, it suspended 334 days of her sentence for 24 months, imposed a no-contact condition of the sentence, and issued a no-contact order purportedly valid for five years.
¶ 24 The no-contact order could not last longer than the no-contact condition of the sentence. Therefore, the district court erred when it refused to vacate the order after Granath completed her suspended sentence in December 2014. We affirm the Court of Appeals.
*1184 CONCLUSION
¶ 25 We affirm the Court of Appeals and hold that RCW 10.99.050 authorizes a district court to issue a DV no-contact order that lasts for the duration of the defendant's suspended sentence. The no-contact order issued in this case was not enforceable after Granath completed her suspended sentence in December 2014, and the district court should have granted her motion to vacate.
WE CONCUR:
Fairhurst, C.J.
Johnson, J.
Madsen, J.
Owens, J.
Stephens, J.
Wiggins, J.
González, J.
McCloud, J.

At oral argument, Granath asserted that this case is moot because Granath's no-contact order expired in November 2017. Wash. Supreme Court oral argument, State v. Granath, No. 94892-5 (Feb. 16, 2018), at 35 min., 51 sec., audio recording by TVW, Washington State's Public Affairs Network, http://www.tvw.org. However, "we may retain and decide a moot case 'when it can be said that matters of continuing and substantial public interest are involved.' " State v. Cruz, 189 Wash.2d 588, 598, 404 P.3d 70 (2017) (quoting Sorenson v. City of Bellingham, 80 Wash.2d 547, 558, 496 P.2d 512 (1972) ). Here, appellate review is proper because a district court's authority to issue a no-contact order is a matter of continuing and substantial public interest.

The legislature also has provided a district court the authority to defer any or all of a DV sentence for up to five years. RCW 3.66.068(2)(a)(i).

In State v. Schultz , we held that a no-contact order issued pursuant to RCW 10.99.040(3) can remain in effect until sentencing. 146 Wash.2d 540, 548, 48 P.3d 301 (2002). At sentencing, a trial court may issue a new no-contact order consistent with RCW 10.99.050(1)"or it may extend the existing order by clearly indicating on the judgment and sentence that the order is to remain in effect." Id.