IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78112-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BUHL, CHRISTOPHER WAYNE, | ) | |
| DOB: 07/07/1982, | ) | |
| | ) | |
| Appellant. | ) | FILED: July 29, 2019 |

SCHINDLER, J. — A jury convicted Christopher Wayne Buhl of domestic violence assault in the second degree of Elizabeth Maurer and malicious mischief in the third degree. The court entered a felony judgment and sentence on the assault conviction, a misdemeanor judgment and sentence on the malicious mischief conviction, and a post-conviction domestic violence no-contact order (DVNCO) that expires in 10 years. Buhl concedes the court properly imposed a 10-year DVNCO for the felony conviction. But Buhl argues the 10-year expiration for the gross misdemeanor exceeds the length of the suspended sentence. Buhl also challenges imposition of discretionary legal financial obligations. The duration of the DVNCO for the no-contact order condition imposed in the gross misdemeanor judgment and sentence is limited to the length of the suspended sentence. A court may impose a maximum of two years for a suspended

sentence. Because the misdemeanor judgment and sentence does not state how long the suspended sentence shall remain in effect, we remand. We also remand to either correct the expiration date for the post-conviction DVNCO for the gross misdemeanor or enter a separate DVNCO for the gross misdemeanor. On remand, the court shall also strike the criminal filing fee, the DNA[1] fee, and the domestic violence penalty fee.

The State charged Christopher Wayne Buhl with domestic violence assault in the second degree of Elizabeth Maurer, count 1, and malicious mischief in the third degree, count 2. The jury convicted Buhl as charged.

At the sentencing on February 12, 2018, the court entered a felony judgment and sentence on the second degree assault conviction. The court sentenced Buhl to 29 months with the gross misdemeanor sentence on malicious mischief to run consecutively with the felony conviction. The felony judgment and sentence orders Buhl to have no contact with Maurer for the maximum statutory 10-year term. The judgment and sentence states the court shall enter a post-conviction DVNCO:

> A separate post-conviction Domestic Violence No Contact Order . . . is filed contemporaneously with this Judgment and Sentence. (<u>Entry of a separate order makes a violation of this no contact sentencing provision also punishable as a criminal offense, and the order will be entered into the law enforcement database.</u>)[2]

The court imposed the mandatory $500 victim assessment fee and a discretionary $200 criminal filing fee, $100 DNA collection fee, and $100 domestic violence penalty fee.

For the gross misdemeanor conviction, the court imposed 364 days confinement but suspended 244 days to run consecutively to the sentence imposed on the felony assault. As a condition of the sentence, the court imposed no contact with Maurer. The

---

[1] Deoxyribonucleic acid.
[2] Emphasis in original.

gross misdemeanor judgment and sentence states, "A separate post-conviction Domestic Violence No Contact Order . . . is filed contemporaneously with this Judgment and Sentence."

The court entered a post-conviction DVNCO at the sentencing on February 12. The DVNCO states, "This no-contact order expires on 2/12/2028."[3]

Buhl concedes the 10-year expiration of the DVNCO for the felony judgment and sentence is correct. We accept the concession as well taken. The court has the authority to order no contact for a period up to the statutory maximum for a felony offense. State v. Armendariz, 160 Wn.2d 106, 119-20, 156 P.3d 201 (2007).

Buhl contends the 10-year expiration date of the DVNCO exceeds the length of the gross misdemeanor suspended sentence. We agree and conclude State v. Granath, 190 Wn.2d 548, 415 P.3d 1179 (2018), controls.

A person convicted of a gross misdemeanor is subject to imprisonment for a maximum term of 364 days. RCW 9A.20.021(2). The court has the authority to suspend the sentence "upon such conditions and for such time as it shall designate, not exceeding the maximum term of sentence or two years." RCW 9.95.210(1)(a).[4]

In Granath, a jury convicted Granath of two counts of a domestic violence gross misdemeanor. Granath, 190 Wn.2d at 550. The court sentenced Granath to 364 days in jail with 334 days suspended for 24 months. The court ordered no contact with the victim as a condition of the suspended sentence. Granath, 190 Wn.2d at 550. The

---

[3] Boldface omitted.
[4] We note the 2019 amendments to RCW 9.95.210 do not affect the language in subsection (1)(a). See LAWS OF 2019, ch. 263, § 302.

court issued a separate DVNCO under RCW 10.99.050.[5] Granath, 190 Wn.2d at 550. RCW 10.99.050 authorizes a court to issue a no-contact order to "record[ ]" a no-contact condition included in the judgment and sentence. RCW 10.99.050(1) states, "When a defendant is found guilty of a crime and a condition of the sentence restricts the defendant's ability to have contact with the victim, such condition shall be recorded and a written certified copy of that order shall be provided to the victim." The Washington Supreme Court held the duration of a DVNCO issued under RCW 10.99.050 is limited to the length of the underlying suspended sentence. Granath, 190 Wn.2d at 557.

Here, the court imposed 364 days and suspended 244 days of the gross misdemeanor sentence. But the judgment and sentence does not state how long the misdemeanor judgment and sentence shall remain in effect. We remand to address the length of time the suspended sentence shall remain in effect.

The court entered a DVNCO for the felony judgment and sentence and the gross misdemeanor judgment and sentence no-contact order condition with a 10-year expiration date. Because the 10-year period exceeds the duration of the suspended gross misdemeanor sentence, we remand to either correct the DVNCO or enter a separate DVNCO for the gross misdemeanor.

---

[5] We note the legislature amended RCW 10.99.050 in 2019 to add subsections (2)(c) and (d):

(c) An order issued pursuant to this section in conjunction with a misdemeanor or gross misdemeanor sentence or juvenile disposition remains in effect for a fixed period of time determined by the court, which may not exceed five years from the date of sentencing or disposition.

(d) An order issued pursuant to this section in conjunction with a felony sentence or juvenile disposition remains in effect for a fixed period of time determined by the court, which may not exceed the adult maximum sentence established in RCW 9A.20.021.

LAWS OF 2019, ch. 263, § 303 (effective July 28, 2019). The amendments do not change subsection (1) of RCW 10.99.050.

Buhl also contends that on remand, the court should strike imposition of the criminal filing fee, the DNA collection fee, and the domestic violence penalty fee. The State concedes the court must strike the criminal filing fee and the DNA collection fee. We accept the concession.

In 2018, the legislature amended certain legal financial obligation statutes. LAWS OF 2018, ch. 269. RCW 36.18.020(2)(h) now prohibits imposition of the criminal filing fee on a defendant who is indigent as defined in RCW 10.101.010(3)(a) through (c). RCW 10.01.160(3) states, "The court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3)(a) through (c)." RCW 43.43.7541 now provides that the DNA collection fee no longer is mandatory if the offender's DNA was previously collected as a result of a prior conviction. These statutes apply prospectively to cases pending on direct appeal. State v. Ramirez, 191 Wn.2d 732, 749, 426 P.3d 714 (2018).

The State claims the court need not consider the ability to pay the domestic violence penalty fee. RCW 10.99.080(5) states:

> When determining whether to impose a penalty assessment under this section, judges are encouraged to solicit input from the victim or representatives for the victim in assessing the ability of the convicted offender to pay the penalty, including information regarding current financial obligations, family circumstances, and ongoing restitution.

Because the court at sentencing specifically found Buhl is "indigent," on remand, the court shall also strike the domestic violence fee.

We remand to state how long the suspended sentence shall remain in effect and either correct or enter a separate post-conviction DVNCO for the gross misdemeanor

judgment and sentence.  On remand, the court shall strike the criminal filing fee, the

DNA collection fee, and the domestic violence penalty fee.

WE CONCUR: