**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54579-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DARIUS TREVON HAMMOND, aka DARIUS T. HAMMOND DARIUS TREZON HAMMOND | |
| Appellant. | |

MAXA, P.J. – Darius Hammond appeals the trial court's imposition of community custody supervision fees and collection costs as legal financial obligations (LFOs) and entry of lifetime no-contact orders following his convictions of multiple offenses. He also challenges his convictions in a statement of additional grounds (SAG).

We hold that (1) the community custody supervision fees and LFO collection costs must be stricken from the judgment and sentence because the court stated its intent to waive all nonmandatory LFOs, (2) the trial court erred in entering no-contact orders regarding the victim for Hammond's life, and (3) we decline to consider one assertion and reject the other assertion in Hammond's SAG. Accordingly, we affirm Hammond's convictions, but we remand for the trial court to strike the provisions imposing community custody supervision fees and LFO collection costs and to revise the term of the no-contact orders.

FACTS

After a bench trial, the trial court found Hammond guilty of second degree assault, unlawful imprisonment, tampering with a witness, and three counts of violating a no-contact

order. The convictions related to an incident in which Hammond beat, strangled, and smothered his then girlfriend.

At sentencing, the trial court found Hammond indigent and waived nonmandatory LFOs. The judgment and sentence stated, "The following extraordinary circumstances exist that make payment of nonmandatory legal financial obligations inappropriate: Defendant is indigent." Clerk's Papers at 163. However, another section of the judgment and sentence required Hammond to pay supervision fees as determined by the Department of Corrections as a condition of community custody. And the judgment and sentence also required Hammond to pay collection costs on unpaid LFOs.

In addition, the judgment and sentence ordered that Hammond have no contact with the victim for Hammond's life. The court also issued a domestic violence no contact order under RCW 10.99.050(1) that was non-expiring.

Hammond appeals the imposition of community custody supervision fees and collection costs and the no-contact orders.

## ANALYSIS

A. IMPOSITION OF COMMUNITY CUSTODY SUPERVISION FEES AND COLLECTION COSTS

Hammond argues that community custody supervision fees and LFO collection costs must be stricken because the trial court found him indigent and stated its intent to waive nonmandatory LFOs. We agree.

RCW 9.94A.703(2)(d) provides that "[u]nless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the department." Community custody supervision fees are discretionary LFOs because they are waivable by the trial court. *State v. Spaulding*, 15 Wn. App. 2d 526, 536, 476 P.3d 205

(2020). But community custody supervision fees are not "costs" as defined in RCW 10.01.160(2), and therefore the prohibition in RCW 10.01.160(3) of imposing "costs" on an indigent person is inapplicable. *Id.*

A trial court's authority to impose LFO collection costs arises under RCW 36.18.190, which states that "[t]he superior court *may*, at sentencing or at any time within ten years, assess as court costs the moneys paid . . . to collection agencies or for collection services." (Emphasis added.) The plain statutory language shows that imposition of collections fees under RCW 36.18.190 is a matter of the trial court's discretion. And like community custody supervision fees, LFO collection costs are not "costs" as defined in RCW 10.01.160(2).[1]

However, here the trial court expressly stated at sentencing that it intended to waive nonmandatory LFOs. And the judgment and sentence stated that Hammond's indigence made payment of nonmandatory legal financial obligations inappropriate. In *State v. Bowman*, the Supreme Court held that the trial court commits procedural error when it imposes discretionary LFOs after stating that it would waive such fees. 198 Wn.2d 609, 629, 498 P.3d 478 (2021). In this situation, the provisions imposing community custody supervision fees and LFO collection costs must be stricken. *Id.*

Therefore, we remand for the trial court to strike the provisions in the judgment and sentence imposing community custody supervision fees and LFO collection costs.

B.    LIFETIME NO-CONTACT ORDERS

Hammond argues, and the State concedes, that the trial court erred in imposing lifetime no-contact orders in the judgment and sentence and in a separate order. We agree.

---

[1] The State argues that Hammond cannot appeal these issues because he is not an "aggrieved party" under RAP 3.1. We disagree.

A no-contact order imposed as a condition of sentence must be time limited to the statutory maximum sentence for the offense. *State v. Armendariz*, 160 Wn.2d 106, 119-20, 156 P.3d 201 (2007). And a no-contact order issued under RCW 10.99.050[2] cannot last longer than the no-contact condition in the judgment and sentence. *State v. Granath*, 190 Wn.2d 548, 556-57, 415 P.3d 1179 (2018).

Second degree assault is a class B felony, RCW 9A.36.021(2)(a), and the statutory maximum for class B felonies is 10 years, RCW 9A.20.021(1)(b). Therefore, the trial court erred in issuing the no-contact orders for Hammond's life.

We remand for the trial court to revise the judgment and sentence and the no-contact order to reduce the no-contact period to 10 years or less.

C.      SAG CLAIMS

Hammond makes two assertions in his SAG. First, Hammond asserts that his defense counsel was ineffective because she failed to object several times to the victim's testimony. But Hammond does not state to what testimony defense counsel should have objected. As a result, he fails to inform us of the nature and the occurrence the alleged errors. RAP 10.10(c). Accordingly, we decline to consider the issue.

Second, Hammond asserts that although second degree assault is considered a most serious offense and a crime of violence under Washington law, the Ninth Circuit Court of Appeals has stated that second degree assault is not a crime of violence. But we are not bound by Ninth Circuit decisions. *E.g., Feis v. King County Sheriff's Dept.*, 165 Wn. App. 525, 547, 267 P.3d 1022 (2011). And Hammond does not explain why we should reject Washington law.

---

[2] RCW 10.99.050(1) states, "When a defendant is found guilty of a crime and a condition of the sentence restricts the defendant's ability to have contact with the victim, such condition shall be recorded and a written certified copy of that order shall be provided to the victim."

CONCLUSION

We affirm Hammond's convictions, but we remand for the trial court to strike the

provisions in the judgment and sentence imposing community custody supervision fees and LFO

collection costs and to revise the term of the trial court's no-contact orders.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, P.J.

We concur:

LEE, J.

PRICE, J.