**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Respondent,<br><br>          v.<br><br>LAWRENCE DUNBAR SMALLEY,<br><br>                    Appellant. | No. 84638-8-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

MANN, J. — Lawrence Smalley was convicted of assault in the second degree, domestic violence. At sentencing the trial court imposed a 10-year domestic violence no-contact order prohibiting Smalley from contact with his victim. Smalley argues that the trial court erred in entering the no-contact order for 10 years from the date of sentencing without taking into account credit for time served. We affirm.

I.

Smalley was arrested and charged by amended information with assault in the first degree, domestic violence for stabbing his roommate Gary Johnson with a knife. A jury found Smalley guilty of the lesser included crime of assault in the second degree.

No. 84638-8-I/2

By special verdict, the jury also found that Smalley was armed with a deadly weapon and that Smalley and Johnson were members of the same household at the time of the commission of the crime.

On January 24, 2022, Smalley was sentenced to 26 months of confinement. The trial court also entered a postconviction domestic violence no-contact order preventing Smalley from contacting Johnson for 10 years. The no-contact order expires January 24, 2032—10 years from the date of sentencing. Smalley appeals.

II.

Smalley argues that the trial court erred in imposing a no-contact order that expired 10 years after the date of sentencing because it failed to consider credit for time served. We disagree.

We review sentencing conditions for an abuse of discretion. State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008). But we review questions of statutory interpretation de novo. State v. J.P., 149 Wn.2d 444, 449, 69 P.3d 318 (2003). In interpreting a statute, we look first to its plain language. J.P., 149 Wn. 2d at 450. If the plain language of the statute is unambiguous, then this court's inquiry ends. J.P., 149 Wn. 2d at 450.

The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW permits trial courts to impose "crime-related prohibitions" such as no-contact orders when sentencing defendants. State v. Armendariz, 160 Wn.2d 106, 120, 156 P.3d 201 (2007). Under RCW 10.99.050(1), when a defendant is found guilty of a crime and a condition of the sentence restricts the defendant's ability to have contact with the victim, such condition shall be recorded and a written certified copy of that order shall be

-2-

No. 84638-8-I/3

provided to the victim. An order issued under RCW 10.99.050 in conjunction with a felony sentence remains in effect for a fixed period determined by the court, which may not exceed the adult maximum sentence. RCW 10.99.050(2)(d). Prohibiting contact with the victim may be enforced after completion of the defendant's sentence. RCW 9.94A.637(6).

Smalley was found guilty of assault in the second degree, a class B felony. RCW 9A.36.021(2)(a). The statutory maximum sentence for that crime is 10 years. RCW 9A.20.021(1)(b). Thus, the trial court was authorized to order Smalley to have no contact with the victim, Johnson, for 10 years beginning on January 24, 2022, the date of sentencing.

Smalley disagrees, first citing State v. Granath, 190 Wn. 2d 548, 554-55, 415 P.3d 1179 (2018), for the proposition that the expiration date of a no-contact order must be calculated by taking the maximum term and subtracting credit for time served because the length of the no-contact order is tied to the length of the no-contact condition. Smalley's reliance on Granath is misplaced.

In Granath, our Supreme Court held that RCW 10.99.050(1) does not give a district court, whose jurisdiction is limited by statute, independent authority to issue no-contact orders. Granath, 190 Wn.2d at 556-57. Rather, RCW 10.99.050(1) merely authorizes a district court to enter a no-contact order that records the no-contact condition of a sentence. Granath, 190 Wn.2d at 556. And because the no-contact condition of the sentence at issue in Granath lasted only two years, the district court erred by entering a five year no-contact order. Granath, 190 Wn. 2d at 557. But, unlike

-3-

No. 84638-8-I/4

in this case, Granath involved a nonfelony sentence and was silent on whether a court must give credit for any previous time served.

Following the decision in Granath, the legislature amended RCW 10.99.050. Under amended RCW 10.99.050(2), the length of a no-contact order in conjunction with a felony sentence may not exceed the adult maximum sentence for the underlying felony:

> (d) An order issued pursuant to this section in conjunction with a felony sentence or juvenile disposition remains in effect for a fixed period of time determined by the court, which may not exceed the adult maximum sentence established in RCW 9A.20.021.

The legislature's findings explained:

> The legislature believes the existing language of RCW 10.99.050 has always authorized courts to issue domestic violence no-contact orders in adult and juvenile cases that last up to the adult statutory maximum in felony cases and up to the maximum period for which an adult sentence can be suspended or deferred in nonfelony cases. However, in State v. Granath, 200 Wn. App. 26, 401 P.3d 405 (2017), aff'd, 190 Wn.2d 548, 415 P.3d 1179 (2018), the court of appeals and supreme court recently interpreted this provision to limit domestic violence no-contact orders in nonfelony sentences to the duration of the defendant's conditions of sentence. The legislature finds that this interpretation inadequately protects victims of domestic violence. The legislature intends to clarify the trial courts' authority to issue no-contact orders that remain in place in adult and juvenile nonfelony cases for the maximum period of time that an adult sentence could be suspended, and in adult and juvenile felony cases for the adult statutory maximum.

LAWS OF 2019, ch. 263, § 301(1). The legislative findings support the plain language of the statute: in felony cases, the trial court has authority to issue no-contact orders that remain in place for the adult statutory maximum.

Smalley also argues that reducing a no-contact order by time served is consistent with State v. Navarro, 188 Wn. App. 550, 354 P.3d 22 (2015). But the part of

No. 84638-8-I/5

Navarro on which Smalley relies involved sexual assault protection orders.  See Navarro, 188 Wn. App. at 555.  By statute, sexual assault protection orders "shall remain in effect for a period of two years following the expiration of any sentence of imprisonment and subsequent period of community supervision, conditional release, probation, or parole."  RCW 9A.44.210(6)(c) (emphasis added).  Thus, those orders are explicitly tied to the end of a sentence, as such, credit for time served must be considered.  In Navarro, the court held "[b]ecause an offender's actual release date is unknowable at the time of sentencing, a sexual assault protection order should not provide a fixed expiration date."  188 Wn. App. at 555-56.  And more applicable here, the separate no-contact orders issued in Navarro that extended to the maximum term of 10 years for the crime were upheld.  188 Wn. App. at 556-57.

RCW 10.99.050(2)(d) permits the trial court to impose a no-contact order to remain in effect up to the adult maximum sentence.  For class B felonies, the maximum sentence is 10 years.  RCW 9A.36.021(2)(a); RCW 9A.20.021(1)(b).  The trial court did not err.

We affirm.

_____
Mann, J.

WE CONCUR:

_____        _____
Chung, J.                                Dwyer, J.

-5-