# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>DUSTIN ALLEN HUFF,<br><br>Appellant. | No. 84090-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Following Dustin Huff's plea of guilty to felony violation of a no-contact order, the superior court entered a no-contact order protecting his domestic partner and her minor child, running from sentencing to a term of five years, the statutory maximum sentence for Huff's crime. Huff asserts the superior court erred by not shortening the duration of the no-contact order by credit for time served. We adhere to our contrary decision in State v. Smalley, 25 Wn. App. 2d 254, 522 P.3d 1037 (2023), and affirm.

I

The State charged Huff with domestic violence felony violation of a court order against an intimate partner. The State alleged Huff's offense "was part of an ongoing pattern of psychological, physical or sexual abuse of the same victim or multiple victims manifested by multiple incidents over a prolonged period of time," an aggravating circumstance under RCW 9.94A.535(3)(h)(i). Huff pleaded guilty and acknowledged the prosecutor would dismiss the aggravating circumstance at

sentencing and make the following recommendation to the court: "22 months incarceration, credit for all time served, 12 months community custody. No contact order for [T.S.] and [her child,] N.S." The superior court accepted Huff's guilty plea.

The superior court sentenced Huff to 22 months of confinement and 12 months of community custody. The court also imposed a five year no-contact order with T.S. and N.S. running from the date of sentencing, but permitted video visits between Huff and N.S. Huff timely appeals.

II

A

Huff relies on State v. Granath, 190 Wn.2d 548, 549, 415 P.3d 1179 (2018), for the proposition that the expiration of a no-contact order must be calculated by taking the maximum term and subtracting credit for time served because the length of the no-contact order is tied to the length of the no-contact condition. We disagree.

"The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." RCW 9.94A.505(6). Under RCW 10.99.050(2)(d), a no-contact order issued in conjunction with a felony sentence remains in effect for a fixed period of time determined by the court, "which may not exceed the adult maximum sentence established in RCW 9A.20.021." Former RCW 26.50.110(5) (2019), *repealed by* LAWS OF 2021, ch. 215, § 170, provided that violating a court order issued under the chapter was a class C felony. Class C felonies are punishable by imprisonment for a maximum of five years. RCW

9A.20.020(1)(c). Prohibiting contact with the victim may be enforced after completion of the defendant's sentence. See RCW 9.94A.637(6).

Huff relies on Granath for the same proposition as the defendant in Smalley. Smalley, 25 Wn. App. 2d at 257. Smalley distinguished Granath by noting, "Granath involved a nonfelony sentence and was silent on whether a court must give credit for any previous time served." Id. Following Granath, the legislature amended RCW 10.99.050 and found the court's interpretation of the statute to limit domestic violence no-contact orders in nonfelony sentences to the duration of the defendant's conditions of sentence "inadequately protects victims of domestic violence." LAWS OF 2019, ch. 263 § 301(1). "The legislative findings support the plain language of the statute: in felony cases, the trial court has authority to issue no-contact orders that remain in place for the adult statutory maximum." Smalley, 25 Wn. App. 2d at 258.

B

Huff contends reducing the duration of a no-contact order by time served is consistent with State v. Navarro, 188 Wn. App. 550, 354 P.3d 22 (2015). We disagree.

In Navarro, the superior court entered sexual assault protection orders (SAPOs) protecting eleven children that were set to expire 12 years later. Id. at 553. The superior court also entered no-contact orders protecting the children for 10 years, the duration of the maximum term for the highest classification of crime committed by the defendant. Id. at 553-54. The Navarro court held the SAPOs' expiration dates were erroneous because the defendant was entitled to credit for

time served before sentencing. Id. at 555. Since "an offender's actual release date is unknowable at the time of sentencing, a [SAPO] should not provide a fixed expiration date." Id. at 555-56. Separately, the Navarro court upheld the no-contact orders. Id. at 556-57.

A final SAPO must "remain in effect for a period of two years following the expiration of any sentence of imprisonment and subsequent period of community supervision, conditional release, probation, or parole." RCW 9A.44.210(6)(c).

Once again, Huff relies on Navarro for the same proposition as the defendant in Smalley. Smalley, 25 Wn. App. 2d at 257. Smalley distinguished Navarro by noting that unlike no-contact orders, SAPOs "are explicitly tied to the end of a sentence, as such, credit for time served must be considered." Id. at 258. Smalley also pointed to the fact that the separate no-contact orders that extended to the maximum term of 10 years were upheld. Id.

C

Huff argues that because the legislature did not expressly create sentencing conditions that remain in effect beyond the statutory maximum sentence as it did for legal financial obligations, restitution, and sex offender registration, "pre-sentence credit for time served must apply to avoid exceeding the statutory maximum" for no-contact orders. We disagree.

For legal financial obligations and restitution, trial courts retain jurisdiction over an offender "until the obligation is completely satisfied, regardless of the statutory maximum for the crime." RCW 9.94A.753(4), .760(5). The sex offender

4

registration statute ties a 10 year duty to register to "the last date of release from confinement" or "entry of the judgment and sentence." RCW 9A.44.140(3).

Express language in RCW 10.99.050 is unnecessary because the statute's "legislative findings support the plain language of the statute: in felony cases, the trial court has authority to issue no-contact orders that remain in place for the adult statutory maximum." Smalley, 25 Wn. App. 2d 258. The timeline for sex offender registration obligations, like a SAPO, are explicitly tied to the end of a sentence. That the legislature chose to include express authorizing language in other statutes does not bind our interpretation of RCW 10.99.050 that lacks such a provision.

Affirmed.

Birk, J.

WE CONCUR:

Díaz, J.

Dwyer, J.